**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LADEANE POOLE, ) | |
|               Plaintiff, ) | Case No. 2:14-cv-01666-JAD-CWH |
| vs. ) | **ORDER** |
| CAROLYN W. COLVIN, ) ACTING COMMISSIONER OF SOCIAL ) SECURITY ADMINISTRATION, ) | |
|               Defendant. ) | |

This matter was referred to the undersigned Magistrate Judge on Plaintiff's Application for Leave to Proceed In Forma Pauperis (#1), filed on October 10, 2014.

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court in addition to a new $50 administrative fee, effective May 1, 2013, for a total of $400. The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes an affidavit that [s]he is unable to pay such costs or give security therefore." 28 U.S.C. § 1915(a).

Plaintiff submitted the affidavit required by § 1915(a) to show that she is unable to prepay fees and costs or give security for them. In Plaintiff's Application to Proceed In Forma Pauperis, Plaintiff states that she is currently unemployed, with only $15 in her bank account, and lives with her husband and two minor children. Plaintiff reports that her husband earns $2,000 per month and that their monthly expenses are $350 on utilities, $500 on food, $270 on insurance, $210 on cable, $275 on child support, and $600 on rent for a total of $2,205 per month. Additionally, Plaintiff indicates she owns no real estate or other valuable property, and owes an unspecified amount for medical bills, which she cannot afford to pay. Based on this information, the Court finds that Plaintiff's income is insufficient to pay the filing fee in this case. See Rucker v. County of Santa Clara, No. C02-5981 JSW, 2003 WL 21440151, at *1 (N.D. Cal. June 17, 2003)

(sufficient showing of indigency where plaintiff received $748.42 per month, and that amount was exceeded by his outstanding monthly expenses and debt)).  Thus, the Court finds that Plaintiff satisfies the indigency requirement of 28 U.S.C. § 1915(a)(1).

Having concluded that Plaintiff is entitled to proceed <u>in forma pauperis</u>, the Court now screens the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of a case at any time if the Court determines that it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Upon review of Plaintiff's complaint, the Court finds that Plaintiff's allegations do not appear, on their face, to be frivolous or malicious.  Moreover, Plaintiff's complaint does not appear, on its face, to fail to state a claim pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), nor does Defendant appear to be immune from suit. Thus, the Court finds that Plaintiff satisfies the screening requirement of 28 U.S.C. § 1915(e)(2)(B).

## **CONCLUSION AND ORDER**

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed <u>in Forma Pauperis</u> (#1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court file the complaint (doc. # 1-1) and serve the Acting Commissioner of the Social Security Administration by sending a copy of the summons and complaint (doc. # 1-1) by certified mail to: (1) the General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore Maryland 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and (3) Office of the Regional Chief Counsel, Region IX, Social Security Administration 160 Spear St., Suite 899, San Francisco, CA 94105-1545.

**IT IS FURTHER ORDERED** that the Clerk of Court issue a summons to the United States Attorney for the District of Nevada and deliver the summons and complaint (doc. # 1-1) to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff serve upon Defendant, or Defendant's counsel of record, a copy of every pleading and motion Plaintiff submits to the Court for

consideration. Plaintiff must include with the original paper submitted for filing, a certificate of service, which states the date and that a true and correct copy of the document was mailed to Defendant or Defendant's counsel of record. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk of Court, which fails to include a certificate of service.

**IT IS FURTHER ORDERED** that the Report and Recommendation [doc. # 2], filed October 15, 2014, is stricken from the record and replaced with this Order.

DATED: October 16, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**